**In re SL LIQUIDATING, INC., Debtor.**

No. 09–12869.

United States Bankruptcy Court, S.D. Ohio, Western Division.

May 14, 2010.

---

## ORDER SUSTAINING OBJECTIONS TO CONFIRMATION

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on the First Amended Joint Plan of Liquidation of SL Liquidating, Inc. (fka Sencorp) and its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (Doc. 632), the Objections of the United States Trustee (Doc. 665), the State Court Plaintiffs (Doc. 667), and CUC Investments LLC (Doc. 668), the

Debtors' Memorandum of Law in Support of Confirmation (Doc. 682), and CUC Investments Response (Doc. 690). A hearing was held on May 11, 2010.

Article XI, Section B of the Plan includes non-consensual third party releases of certain non-debtor entities, including officers and directors of the Debtors.[1] All three objecting parties contend that the releases violate applicable law. For the reasons stated below, we agree. It appears that this is the only impediment to confirmation of the Plan.

■ The legal standard which this Court must follow is set forth in *In re Dow Corning Corporation,* 280 F.3d 648 (6th Cir.2002). The Sixth Circuit allows non-consensual third party releases, but characterizes such an injunction as a "dramatic measure to be used cautiously" and as "only appropriate in 'unusual circumstances.' " *Id.* at 658 (citations omitted). In *In re Dow Corning,* the Sixth Circuit established a seven factor test as follows:

We hold that when the following seven factors are present, the bankruptcy court may enjoin a non-consenting creditor's claims against a non-debtor: (1) There is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate; (2) The non-debtor has contributed substantial assets to the reorganization; (3) The injunction is essential to reorganization, namely, the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor; (4) The impacted class, or classes, has overwhelmingly voted to ac-

1. The Plan also includes releases of certain professionals retained within the course of the bankruptcy proceeding. These releases have not been challenged and are not at issue.

cept the plan; (5) The plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction; (6) The plan provides an opportunity for those claimants who choose not to settle to recover in full and; (7) The bankruptcy court made a record of specific factual findings that support its conclusions.

*Id.* (citation omitted).

In their brief, citing *In re Master Mortgage Investment Fund, Inc.*, 168 B.R. 930 (Bankr.W.D.Mo.1994), the Debtors contend that overwhelming acceptance of the plan is the most important factor to be considered. We note that *In re Master Mortgage predates In re Dow Corning* and is not binding on this Court. In contrast, at the hearing, the Debtors contended that the identity of interests is the most important factor to be considered. CUC Investments contended at the hearing that the emphasis should be placed on substantial contribution. The varying positions of the parties as to which factor may be the most important reinforces this Court's interpretation of *In re Dow Corning* that, at least in the Sixth Circuit, all of the factors must be present and all the factors are important.

#### i. The "identity of interests" factor

■ The Debtors contend that the directors and officers sought to be released share an identity of interest with the Debtors because a suit against the directors and officers would implicate the Debtors since the Debtors have agreed to indemnify the directors and officers. It is not unusual for a corporation to agree to indemnify its directors and officers. The existence of a common indemnification agreement between a corporation and its directors and officers is not a justification for a non-consensual third party release. Rather, this factor requires that the plan proponent show that there is a real threat to the debtor because such a suit against the third parties "will deplete the assets of the estate." *In re Dow Corning*, 280 F.3d at 658. As we discuss below, it is the Debtors' own position that this threat against the estate is not real.

#### ii. The "essential" factor

■ The Debtors contend that the third party releases are essential because without the releases, the estate will be consumed by "unnecessary, spurious, specious, and meritless" lawsuits. They cite as "examples," actions already filed by the State Court Plaintiffs and CUC Investments.[2] Indeed, at the hearing, the Debtors strenuously argued that this case was "unusual" because of the threat of these

---

**2.** The State Court Plaintiffs, certain high level management retirees of the Debtor, have brought two actions against the directors and officers with regard to a certain supplemental retirement plan. The State Court Plaintiffs have a pending action in District Court against the directors and officers which was filed pre-petition and was stayed by the Debtor's petition. That case was previously sealed by the District Court so this Court is unaware of the exact nature of the asserted claims. However, at the hearing, the Debtors described the District Court action as "strikingly similar" to the State Court Plaintiffs' state court action. The state court action was brought against directors and officers George Juilfs, David Fyffe, and Marie Mariscalco Boyle alleging tortious interference with contractual relations, civil conspiracy, and unjust enrichment.

CUC Investment was the Debtor's lessor. It has a lease rejection damages claim in the amount of $6,325,851. In its pending motion for a 2004 examination, CUC Investment has described a possible tort claim against one or more of the directors and officers based upon alleged misstatements of fact relating to the Debtors' bankruptcy filing and financial condition and CUC Investments' expenditure for significant improvements to the leasehold property.

claims against the directors and officers. We disagree.

First, if the claims against the directors and officers are truly unnecessary, specious, spurious, and meritless, then the Debtors have nothing to fear because they will have nothing to indemnify.

Second, if this Court were to find in favor of the Debtors, we would have to conclude that the pending lawsuits are, in fact, baseless. We do not know if the lawsuits are baseless or not. What we do know is that the directors and officers have already incurred $98,000 in legal defense costs. Moreover, it would be procedurally inappropriate for this Court at this time to render what would essentially be a judgment on the merits against the State Court Plaintiffs and CUC Investments. Lastly, we note that unlike the setting in a mass tort case, and given the nature and specificity of these claims against the directors and officers, it appears that these "examples" are the only lawsuits to be brought against the directors and officers.

Third, it is not unusual for there to exist a claim against a corporation's directors and officers, especially when the corporation has filed for bankruptcy. Were we to adopt the Debtor's position, requests for non-consensual third party releases may become the norm. This is exactly counter to the policy behind *In re Dow Corning* that such a release should only be available under unusual circumstances.

Lastly, but importantly, this case is a liquidation bankruptcy, not a reorganization. In fact, it was a liquidation case from day one, as the Debtors filed their motion for a § 363 sale with a stalking horse bidder simultaneously with their petition. A close reading of the *In re Dow Corning* factors shows that the Sixth Circuit makes reference to the debtor's "reorganization" not once but twice. Specifically, the release must be "essential to the reorganization" and the parties to be released must have "contributed substantial assets to the reorganization." We do not believe that the Sixth Circuit used this word unintentionally. This is because a reorganizing debtor, as opposed to a liquidating debtor, needs to be protected from suits that may deplete its assets so that it can, in fact, reorganize. *See In re Berwick Black Cattle Co.,* 394 B.R. 448, 461 (Bankr.C.D.Ill.2008)("rationale for granting third-party releases is far less compelling, if it exists at all, in a liquidation then in a reorganization.") To hold otherwise may be to encourage the filing of liquidating chapter 11 cases where the driving purpose is to obtain non-consensual third-party releases.

iii. The "substantial contribution" factor

■ The Debtors contend that the directors and officers have made a substantial contribution by participating in the plan process. Specifically, the Debtors state that the directors and officers "contributed significant time and effort in the drafting and negotiating of the Plan ... by designing and implementing the Sale Transaction, conducting operations during the bankruptcy and negotiating the Plan." Doc. 652, p. 42. We are not persuaded.

First, the above description is just the type of "conclusory statements that restated elements of the test" and "sweeping statements as to all released parties collectively" which was specifically criticized by the Sixth Circuit in *In re Dow Corning. Id.* at 658. Also, without more detail, this conclusory statement appears somewhat overstated given the fact that the Debtors hired Latham & Watkins as lead bankruptcy counsel, Frost Brown Todd as local bankruptcy counsel, Morris–Anderson as investment advisor, and Mesirow Financial, Inc. as investment bankers. The justification for the hiring of these profession-

als was to draft the plan and implement the sale.

Second, the described efforts of the directors and officers is consistent with their preexisting fiduciary duties and job responsibilities. *See In re Exide Technologies*, 303 B.R. 48, 74 (Bankr.D.Del. 2003)(even "meaningful" work contribution not justification for release).

At the hearing, the Debtors made the additional argument that the directors and officers were paying for the last four years of their "tail" insurance coverage, which benefits them. This is hardly the type of substantial contribution contemplated by *In re Dow Corning*.

iv. The "overwhelming acceptance" factor, the "payment" factor, and the "opportunity to recover in full" factors

The Debtors contend that the only class to vote on the Plan overwhelmingly accepted the Plan by 82% in number and 69% in amount. Given the fact that the baseline voting requirement for plan confirmation is one-half in number and two-thirds in amount, it is arguable whether or not the acceptance is overwhelming. Assuming, *arguendo*, that it is overwhelming, this factor alone is not determinative.

 The Debtors contend that the Plan provides a mechanism to pay all, or substantially all, of the class or classes affected by the releases because the creditors will receive more than they would under a chapter 7 liquidation. The Debtors have merely restated the best interest of the creditors test of 11 U.S.C. § 1129(a)(7), which is a prerequisite to confirmation which must be satisfied in every chapter 11 case.

The Debtors contend that the factor requiring the plan to provide an opportunity for those claimants who choose not to settle to recover in full only applies in mass tort cases. The Debtors cited no caselaw

in support of their position and we do not read this factor as being qualified in such a way.

v. Conclusion

In sum, we conclude that the Debtors have failed to satisfy the seven factor test set forth in *In re Dow Corning*. This is a liquidating chapter 11 case and the Debtors' directors and officers are facing three lawsuits by two plaintiffs. There are no unusual circumstances. There is no basis to grant the dramatic measure of non-consensual third party releases.

Accordingly, the Objections of the United States Trustee (Doc. 665), the State Court Plaintiffs (Doc. 667), and CUC Investments LLC (Doc. 668) are hereby SUSTAINED.

**IT IS SO ORDERED.**